**IT IS ORDERED as set forth below:**

**Date: May 18, 2023**

_____

**Jeffery W. Cavender
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-67346-JWC |
| | § | |
| LAVELLE LUNDRE JOHNSON, | § | |
|    Debtor | § | CHAPTER 13 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
|    Movant | § | CONTESTED MATTER |
| | § | |
| v. | § | |
| | § | |
| LAVELLE LUNDRE JOHNSON; | § | |
| NANCY J. WHALEY, Trustee | § | |
|    Respondents | § | |

<u>**AGREED ORDER CONDITIONING AUTOMATIC STAY AS TO DEBTOR**</u>

    Came on for consideration the Motion for Relief from Stay, originally set for hearing on May 02, 2023 reset to May 16, 2023, filed by WELLS FARGO BANK, N.A., (hereinafter "MOVANT"), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion and the agreement of Counsel, is of the opinion that the following

Agreed Order should be entered.  It is therefore, **ORDERED, ADJUDGED, AND DECREED** that:

1. **Automatic Stay:**  The Automatic Stay provided by 11 U.S.C. § 362 shall remain in effect, except as provided below.

2. **Current Monthly Payments:**  Debtor shall continue to remit to the Movant the regular post-petition monthly payments beginning June 1, 2023, and continue said payments thereafter pursuant to that certain Note and Security Deed dated September 30, 2014.

3. **Additional Payments**:  In addition to the payments set forth above, Debtor shall cure post-petition arrearage in the total amount of $4,281.60.  Said total amount consists of post-petition payments for the months of January 1, 2023 through May 1, 2023, detailed as follows:

| | | |
|---|---|---|
| Monthly Payment Amount | $2,156.32 X 5 | $10,781.60 |
| Amount Due | | $10,781.60 |
|    Payment Received | | $0.00 |
|    Payment to be Received by 05/16/2023 | | $6,500.00 |
|    Debtor Suspense | | $0.00 |
| Total Balance Due Less Payment Received | | $4,281.60 |

The total amount due shall be paid directly to Movant in 12 payments beginning June 15, 2023 as indicated below:

Payments shall be remitted to the following address:
WELLS FARGO HOME MORTGAGE
PO BOX 14507
DES MOINES, IA  50306
Attention: Bankruptcy Department

| | | |
|---|---|---|
| 1. | $356.80 | 06/15/2023 |
| 2. | $356.80 | 07/15/2023 |
| 3. | $356.80 | 08/15/2023 |
| 4. | $356.80 | 09/15/2023 |
| 5. | $356.80 | 10/15/2023 |
| 6. | $356.80 | 11/15/2023 |
| 7. | $356.80 | 12/15/2023 |
| 8. | $356.80 | 01/15/2024 |

|     |          |            |
|-----|----------|------------|
| 9.  | $356.80  | 02/15/2024 |
| 10. | $356.80  | 03/15/2024 |
| 11. | $356.80  | 04/15/2024 |
| 12. | $356.80  | 05/15/2024 |

**There is no grace period on additional installment payments due under this Agreed Order.**

Payments received after the due date are subject to the default provisions contained in the Default Paragraph of this Agreed Order.

4. **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

5. **Conversion to Chapter 7**: The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post petition delinquent payments, fees, and charges due under the Note and Security Deed shall become immediately payable to Movant.

6. **Effect of Non-sufficient Funds**: Tendering of a check to Movant by Debtor which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn or due to any other reason shall not constitute a payment as required by the terms of this order and is an event of default.

7. **Default**: At anytime after entry of this Order, should the Movant fail to receive any payments by the dates set forth in the Current Monthly Payments Paragraph or the Additional Payments Paragraph, or in the event Debtor converts to Chapter 7 as set forth in the Conversion to Chapter 7 Paragraph, Movant shall send written notice to Debtor, Counsel for Debtor, and Trustee at the address set forth on the Distribution List attached to this Order and allow Debtor a 10-day period from the date of such written notice to cure such delinquent payments. Cure

payments must be made by certified funds only. In the event Debtor fails to cure such delinquent payments within such 10-day period or in the event Debtor becomes delinquent after **two (2)** notices of default, Movant agrees to provide the Chapter 13 Trustee with twenty (20) days' notice of the Debtor's failure to cure said default. During said twenty (20) day period the Trustee may file a motion to convert the case to a Chapter 7. If a motion to convert is not filed within the aforementioned twenty (20) day period, Movant may obtain on order modifying the Automatic Stay of 11 U.S.C. 362 after submitting a Delinquency Motion pursuant to the Delinquency Motion Paragraph and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the property described as follows:

> ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 8 OF THE 7TH DISTRICT OF HENRY COUNTY, GEORGIA, BEING LOT 43, EAST LAKE ESTATES SUBDIVISION, AS PER PLAT THEREOF RECORDED AT PLAT BOOK 48, PAGES 62-66, HENRY COUNTY RECORDS, SAID PLAT BEING INCORPORATED HEREIN AND MADE A PART HEREOF BY THIS REFERENCE, AND HAVING A STREET ADDRESS OF 187 SHELTON DRIVE, MCDONOUGH, GA 30252. ACCORDING TO THE PRESENT SYSTEM OF NUMBERING
>
> MORE COMMONLY KNOWN AS; 187 SHELTON DR, MCDONOUGH, GEORGIA 30252

8. **Delinquency Motion**:  If Debtor fails to cure the delinquency pursuant to the Default Paragraph, Movant may present to the Court, after service on Debtor and Debtor's Counsel, a motion containing specific allegations of the delinquency, a copy of the Delinquency Notice sent pursuant to the Default Paragraph, and a proposed order. The Motion may be accompanied by an affidavit from the Movant alleging the default. Upon presentation to the Court, the Court may enter an order modifying the stay without hearing.

9. **Foreclosure Sale Proceeds**:  Upon completion of any foreclosure sale, any funds in excess of Movant's claim under the Note and Security Deed, and to any subordinate lienholder(s)

properly entitled to receive proceeds under applicable State Law, shall be remitted to the Trustee for the benefit of the estate.

It is further ordered that upon termination of the automatic stay, the trustee shall cease funding any claim filed by Movant.

END OF DOCUMENT

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

| BY: | /s/ John Callison | /s/ JEFFREY FIELD with express permission |
|---|---|---|
| | John Callison | R. JEFFREY FIELD |
| | GA NO. 167972 | GA NO. 259670 |
| | 4004 BELT LINE ROAD SUITE 100 | 342 NORTH CLARENDON AVENUE |
| | ADDISON, TX 75001 | SCOTTDALE, GA 30079 |
| | Telephone: (972) 341-0515 | |
| | Facsimile: (972) 661-7725 | ATTORNEY FOR DEBTOR |
| | E-mail: GA.ND.ECF@BDFGROUP.COM | |
| | ATTORNEY FOR MOVANT | |

/s/ JULIE M. ANANIA WITH EXPRESS PERMISSION
JULIE M. ANANIA
GA NO. 477064
STAFF ATTORNEY FOR NANCY J. WHALEY
303 PEACHTREE CENTER AVENUE
SUITE 120, TRUIST PLAZA GARDEN OFFICES
ATLANTA, GA 30303
CHAPTER 13 TRUSTEE

## **DISTRIBUTION LIST**

**DEBTOR:**
LAVELLE LUNDRE JOHNSON
187 SHELTON DRIVE
MCDONOUGH, GA 30252

**CO-DEBTOR:**
QUERIDA L JOHNSON
187 SHELTON DRIVE
MCDONOUGH, GA 30252

**TRUSTEE:**
NANCY J. WHALEY
303 PEACHTREE CENTER AVENUE
SUITE 120, TRUIST PLAZA GARDEN OFFICES
ATLANTA, GA  30303

**DEBTOR'S ATTORNEY:**
R. JEFFREY FIELD
342 NORTH CLARENDON AVENUE
SCOTTDALE, GA  30079

**PARTIES IN INTEREST:**
None

**PARTIES REQUESTING NOTICE:**
None